**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:  GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to: Geoffrey Bowman, *et al.* v.    Civil No. 06-96 (DWF/AJB) Guidant Corporation, *et al.* | **ORDER REGARDING GUIDANT'S MOTION TO COMPEL DISCOVERY OF FACT SHEETS AND EXECUTED MEDICAL RECORDS** |

Guidant filed a Motion to Compel Production of Completed Fact Sheets and

Executed Medical Record Authorizations (MDL No. 05-1708 (DWF/AJB), Doc. No.

548) on September 1, 2006.  Guidant did not request oral argument.  On September 6,

2006, the Court ordered Bowman to submit an opposition to Guidant's Motion no later

than September 13, 2006. [1]  *See* MDL No. 5-1708 (DWF/AJB), Doc. No. 562.)  He failed

to do so.

---

[1]      Later, Guidant withdrew its motion with respect to some plaintiffs.  *See* MDL
No. 05-170 (DWF/AJB), Doc. No. 582 (relating to Atchison), Doc. No. 567 (relating to
Brewster), Doc. No. 581 (relating to Calentino), Doc. No. 583 (relating to Furtado), Doc.
No. 568 (relating to Paden).  The parties reached a stipulation with respect to Beaune,
Buckland, Cooper, Huffman, Keenan, Linzy, and Zink.  *See* MDL No. 05-1708
(DWF/AJB), Doc. No. 597.  Holiday filed a motion for voluntary dismissal.  *See* Civ.
No. 06-90 (DWF/AJB), Doc. No. 13.   Allen and Mayem filed oppositions to Guidant's
motion.  *See* Civ. No. 06-21 (DWF/AJB), Doc. No. 7 and Civ. No. 06-17 (DWF/AJB),
Doc. No. 7.

Based upon the presentations of the parties and the record before the Court, the Court finds that Bowman's discovery failures has unduly prejudiced Guidant's ability to prepare its defense and threatens the efficient and expeditious operation of this MDL. Accordingly, **IT IS ORDERED THAT:**

1.      Plaintiff Geoffrey Bowman shall provide Guidant with properly executed medical records authorizations and a fully completed PFS no later than ten (10) days from the date of this Order, or upon motion of any party, such action shall be dismissed with prejudice.  Consistent with the Court's previous Orders, the authorizations may not limit the health care providers or entities from whom Guidant may seek records and the PFS must be completed in all respects.

2.      Federal courts possess the inherent power to sanction misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  As a direct result of Bowman's disregard of the Court's prior orders, Guidant has incurred unnecessary attorney fees and expenses.  For that reason and under the Court's inherent powers, the Court orders Bowman to reimburse Guidant $1,000 for reasonable attorney fees and expenses incurred as a result of his misconduct.  Bowman shall make this payment to Guidant no later than ten (10) days from the date of this Order.

  **IT IS SO ORDERED.**


Dated:  September 18, 2006                         s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  Judge of United States District Court

2